## HUBBARD DOLBY *vs.* JAMES MILLER.

Under the Rev. Sts. *c.* 101, § 7, a writ of entry may be maintained against a tenant at will who refuses to surrender the premises on demand.

WRIT OF ENTRY, brought by the assignee in insolvency of the tenant, to recover a lot of land in Somerville. The tenant pleaded nul disseizin ; and filed a specification of defence, disclaiming all right and interest in the premises, except as tenant at will of one Chamberlain.

At the trial, before *Thomas*, J. it appeared that the tenant was lessee at will of Chamberlain, who had purchased the premises of one Kimball, to whom they had been conveyed by the tenant, before his application for the benefit of the insolvent laws, by a conveyance fraudulent as against his creditors, he being then insolvent, and his insolvency known to Kimball; and that the demandant had demanded the premises of the tenant, who refused to give him possession thereof, claiming to hold them as lessee of Chamberlain. The case was reserved for the decision of the full court on the foregoing facts.

*F. W. Sawyer*, for the demandant.

*E. Buttrick*, for the tenant.

BIGELOW, J. This action is precisely within the meaning of Rev. Sts. *c.* 101, § 7, and upon the facts proved at the trial can well be maintained against the tenant. Prior to the enactment of the above provision, a writ of entry could not be maintained against any one who was not tenant of the freehold ; but among other changes which were made by the revised statutes, in order to simplify proceedings in real actions, it was provided that the person in possession who should have actually ousted the demandant, or withheld from him the possession of the premises, might, at the election of the demandant, be considered a disseizor, for the purpose of trying the right, although he should claim therein an estate less than a freehold. In such case, the tenant is made tenant of the freehold by disseizin. So that a tenant for years or at will, if he refuses to yield up the possession to the demand-

ant, may thereby become, at the election of the latter, a disseizor and liable to a writ of entry for the purpose of trying the title. If a person in possession does not deny the right of the demandant, he can yield up possession of the land, when demanded in the country; or can disclaim title thereto, if a writ of entry is brought without any previous demand, and in such case the action cannot be maintained against him. That such was the purpose of this provision in the revised statutes is manifest from the notes of the commissioners to *c.* 101, § 6, and *c.* 107, § 7.

Upon the facts of this case, it is apparent that the tenant "withheld possession of the premises" from the demandant; because he refused to surrender them upon demand made therefor. In this respect it differs from the case of *Wheelwright* v. *Freeman*, 12 Met. 154. There was no refusal by the tenant in that case to surrender the premises before action brought. On the contrary, that decision proceeded on the ground, that the tenant interposed no obstacle to the enforcement of the title of the demandant, and was ready and willing at all times to yield up possession of the premises to him, and disclaimed all title thereto when called on to plead to the action. In the case at bar, if there had been no refusal by the tenant to surrender the estate upon a demand therefor, and an action had been brought to recover it without previous notice, he might then have come in and filed a specification of disclaimer or plea of non-tenure, and thus defeated the demandant's action against him; but having withheld possession by a refusal to surrender the estate to the demandant, he is liable in the present action, because by his refusal he has brought himself within the terms of the statute, and made himself tenant of the freehold by disseizin.

It is true that the title of Chamberlain, the lessor, cannot be settled in this action so as to bind him by the judgment which may be rendered against the tenant. It will only be determined incidentally, so far as the tenant claims under it. To that extent the demandant has the right under the statute to try the title under which the tenant claims.

*Judgment for the demandant.*